UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN RE JOHNNY FRANKLIN CHATMAN　　　　　　　　　　CASE NO. 3:10-BK-02032-JAF
and AVIS C. CHATMAN　　　　　　　　　　　　　　　　　　CHAPTER 11
　　DEBTORS

JOHNNY FRANKLIN CHATMAN　　　　　　　　　　　　　　　　　PLAINTIFF

vs.　　　　　　　　　　ADV. NO. 3:10-ap-00220-JAF

CREDIT UNION OF TEXAS　　　　　　　　　　　　　　　　　　DEFENDANT

## ANSWER

Comes now Credit Union of Texas ("Credit Union"), by and through Credit Union's attorneys and for Credit Union's Answer to Plaintiff's Complaint, states:

1.　　Paragraph one is a statement of law to which no response is required. To the extent paragraph one is deemed to contain allegations of fact, Credit Union denies them.

2.　　Paragraph two is a statement of law to which no response is required. To the extent paragraph two is deemed to contain allegations of fact, Credit Union denies them. Furthermore, Credit Union denies the above-captained matter is a Chapter 13 case.

3.　　Paragraph three is a statement of law to which no response is required. To the extent paragraph three is deemed to contain allegations of fact, Credit Union denies them.

4.　　Paragraph four is a statement of law to which no response is required. To the extent paragraph four is deemed to contain allegations of fact, Credit Union denies them.

5.　　Paragraph five is a statement of law to which no response is required. To the extent paragraph five is deemed to contain allegations of fact, Credit Union denies them.

6.　　Credit Union denies the allegations in paragraph six of the Complaint.

7.　　Credit Union admits the allegations in paragraph seven of the Complaint.

8. Credit Union affirmatively states that the lease agreement speaks for itself. Credit Union denies all remaining allegations contained in paragraph eight.

9. Credit Union admits the allegations in paragraph nine of the Complaint.

10. Credit Union admits the allegations in paragraph ten of the Complaint.

11. Credit Union denies the allegations in paragraph 11 of the Complaint. Credit Union affirmatively states that the lease agreement speaks for itself.

12. In response to paragraph 12, Credit Union reasserts and incorporates herein by reference its responses to paragraphs 1 through 11 of the Complaint.

13. Paragraph 13 is a statement of law to which no response is required. To the extent paragraph 13 is deemed to contain allegations of fact, Credit Union denies them.

14. Credit Union denies the allegations in paragraph 14 of the Complaint.

15. Credit Union denies the allegations in paragraph 15 of the Complaint.

16. The remainder of the Complaint states Plaintiff's prayer for relief, to which no response is required. To the extent that the prayer is deemed to contain allegations of fact, Credit Union denies them.

17. Credit Union denies each and every allegation contained in the Complaint not heretofore expressly admitted, denied or otherwise answered.

18. Credit Union affirmatively states that Plaintiff's Complaint fails to state facts upon which relief can be granted and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

19. Plaintiff's Complaint, or portions of Plaintiff's Complaint, may be barred by the doctrines of laches, waiver and estoppel.

20. Credit Union reserves the right to plead additional affirmative defenses as may be developed during the course of discovery.

WHEREFORE, Defendant, Credit Union, respectfully requests this Court dismiss Plaintiff's Complaint and for all just and proper relief to which it is entitled.

Respectfully submitted,

>TRIPP SCOTT P.A.
>110 SE 6TH Street, 15th Floor
>Fort Lauderdale, FL 33301
>Tel: 954-525-7500
>Fax: 954-762-2502
>mhs@trippscott.com
>bankruptcynoticecenter@trippscott.com
>
> */s/ Matthew H. Scott, Esquire*
>Matthew H. Scott, Esquire
>Fla. Bar No.: 057147
>
>*Attorneys for Credit Union of Texas*

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of May 2010, a copy of the foregoing was served via CM/ECF and/or US Mail, upon:

Bryan K. Mickler
5452 Arlington Expressway
Jacksonville, FL 32211

> */s/ Matthew H. Scott, Esquire*
>Matthew H. Scott, Esquire